**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3868-23

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

IRIE Y. SIMMONS,

    Defendant-Appellant.

_____

Submitted October 2, 2025 – Decided November 20, 2025

Before Judges Bishop-Thompson and Puglisi.

On appeal from the Superior Court of New Jersey, Law Division, Burlington County, Indictment No. 17-04-0358.

Jennifer N. Sellitti, Public Defender, attorney for appellant (Susan Brody, Designated Counsel, on the brief).

LaChia L. Bradshaw, Burlington County Prosecutor, attorney for respondent (Alexis R. Agre, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Irie Y. Simmons appeals from the June 20, 2024 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

I.

On January 21, 2017, defendant, co-defendant Xavier L. Myers, and another individual were walking to a light rail station. They encountered Eric Thomas, with whom defendant and Myers engaged in a verbal argument that turned into a physical fight. Defendant shot Thomas in the chest, which later resulted in his death. A Burlington County grand jury indicted defendant for first-degree murder, N.J.S.A. 2C:11-3(a)(1) and (2) (count one); second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a)(1) (count two); and second-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(b)(1) (count three). Myers was indicted for third-degree aggravated assault, N.J.S.A. 2C:12-1(b)(7) (count four).

On December 8, 2017, defendant pleaded guilty to count one of the indictment, amended to first-degree aggravated manslaughter, N.J.S.A. 2C:11-4(a)(1). In exchange for defendant's guilty plea, the State agreed to dismiss the remaining counts of the indictment against him and recommend a nineteen-year

sentence, subject to the No Early Release Act, N.J.S.A. 2C:43-7.2. Defense counsel reserved the right to argue for a lesser sentence.

Prior to accepting the plea, the judge conducted a colloquy with defendant, who confirmed he knowingly and voluntarily entered into the agreement and was satisfied with his counsel's representation. Defendant then provided a factual basis for the aggravated manslaughter charge, and the judge accepted the plea.

At the February 2, 2018 sentencing hearing, the State asked the judge to find aggravating factors three (the risk that the defendant will commit another offense) and nine (the need for deterring the defendant and others from violating the law). N.J.S.A. 2C:44-1(a)(3), (9). Defense counsel argued for mitigating factors three (the defendant acted under a strong provocation), four (there were substantial grounds tending to excuse or justify the defendant's conduct, though failing to establish a defense), five (the victim of the defendant's conduct induced or facilitated its commission), six (defendant has compensated or will compensate the victim of the defendant's conduct for the damage or injury that the victim sustained, or will participate in a program of community service), and seven (defendant has no history of prior delinquency or criminal activity or has

A-3868-23

led a law-abiding life for a substantial period of time before the commission of the present offense).  N.J.S.A. 2C:44-1(b)(3), (4), (5), (6), (7).

Defense counsel relied on a sentencing memorandum and read a statement from defendant.  Defendant's grandmother, aunt, sister, and friend also testified on his behalf.

The judge found aggravating factors three and nine.  He gave moderate weight to aggravating factor three, based on defendant's prior contacts with the criminal justice system and his admission that he used controlled dangerous substances (CDS) prior to the incident.  The judge afforded substantial weight to aggravating factor nine, based on the severity of the offense.

The judge found and gave moderate weight to mitigating factors six and seven because, although this was defendant's first offense as an adult, he committed two juvenile offenses.  The judge rejected the remaining factors requested by defense counsel, found "the aggravating fact[or]s do slightly outweigh the mitigating factors on both a qualitative and a quantitative basis," and, consistent with the plea agreement, sentenced defendant to nineteen years.

Defendant appealed from his sentence, arguing the judge failed to consider his age at the time of the incident.  We considered the appeal on the

sentencing oral argument calendar and affirmed. State v. Simmons, No. A-0886-18 (App. Div. Apr. 10, 2019).

Defendant filed a timely petition for PCR, contending counsel was ineffective and an evidentiary hearing was required to develop a thorough record. Assigned PCR counsel filed an amended petition, along with a brief in support of the petition, which the State opposed.

Specifically, defendant argued counsel was ineffective during the sentencing hearing for failing to sufficiently present all applicable mitigating factors. He maintained trial counsel did not adequately argue for mitigating factor four because he did not connect defendant's early childhood trauma with his adult conduct, or mention defendant had been using CDS prior to the incident. Defendant also claimed counsel failed to request mitigating factors eight (defendant's conduct was the result of circumstances unlikely to recur) and nine (the character and attitude of the defendant indicate that the defendant is unlikely to commit another offense), as demonstrated by defendant's family support. N.J.S.A. 2C:44-1(b)(8), (9). He further contended counsel failed to seek mitigating factor eleven (the imprisonment of the defendant would entail excessive hardship to the defendant or the defendant's dependents), because his grandmother needed his assistance. N.J.S.A. 2C:44-1(b)(11).

5

Defendant also claimed counsel was ineffective for failing to argue the disproportionality between his sentence and Myers's one-year probationary term.[1]  He claimed the sentencing disparity was unjustifiable under State v. Roach, 146 N.J. 208, 232 (1996).

The judge who presided over the plea and sentencing hearings considered the PCR petition.  After hearing argument, the judge denied the petition without an evidentiary hearing in a June 20, 2024 order, accompanied by a written opinion.  He opined the petition was "an inappropriate resolution" because it sought resentencing based on mitigating factors, an issue already decided on direct appeal.  Thus, the judge found the PCR petition procedurally barred.

The judge nevertheless considered the petition on its merits and determined defendant failed to meet either prong of Strickland v. Washington, 466 U.S. 668 (1984).  He noted defendant did not point to specific facts that supported the finding of additional mitigating factors and, even if counsel had argued for the factors, defendant failed to demonstrate the outcome would have been any different.  The judge also found defense counsel's failure to argue

---

[1]  After defendant was sentenced, Myers pleaded guilty to a disorderly persons simple assault and was sentenced to one year of probation.

disparate sentencing was not ineffective, because the difference in sentences was "indicative of the role each defendant played in [Thomas]'s death."

## II.

On appeal, defendant raises a single issue for our consideration:

> THE DENIAL OF PCR RELIEF SHOULD BE REVERSED BECAUSE DEFENSE COUNSEL RENDERED CONSTITUTIONALLY INEFFECTIVE ASSISTANCE AT SENTENCING.

To succeed on a claim of ineffective assistance of counsel, a defendant must establish by a preponderance of the evidence both prongs of the test set forth in Strickland, 466 U.S. at 687, and adopted by our Supreme Court in State v. Fritz, 105 N.J. 42, 58 (1987). State v. Gaitan, 209 N.J. 339, 349-50 (2012). First, a "defendant must show that counsel's performance was deficient." Strickland, 466 U.S. at 687. A defendant must demonstrate "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Ibid. Because the Constitution requires "reasonably effective assistance," an attorney's performance may not be attacked unless it was not "'within the range of competence demanded of attorneys in criminal cases'" and instead "fell below an objective standard of reasonableness." Id. at 687-88 (quoting McMann v. Richardson, 397 U.S. 759, 771 (1970)).

7

When assessing the first Strickland prong, "[j]udicial scrutiny of counsel's performance must be highly deferential," and "every effort [must] be made to eliminate the distorting effects of hindsight." Id. at 689. A reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," and "the defendant must overcome the presumption that, under the circumstances, the challenged action [by counsel] 'might be considered sound trial strategy.'" Ibid. (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955)).

Under the second Strickland prong, a defendant must "affirmatively prove" with "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." State v. Gideon, 244 N.J. 538, 551 (2021) (quoting Strickland, 466 U.S. at 693-94). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Ibid. (quoting Strickland, 466 U.S. at 694).

Because the PCR court denied the petition without an evidentiary hearing, we review the order de novo. State v. Harris, 181 N.J. 391, 421 (2004). We also review the decision to deny the petition without an evidentiary hearing for abuse of discretion. State v. Preciose, 129 N.J. 451, 462 (1992).

A-3868-23

As a threshold matter, we address whether defendant's petition was procedurally barred. Rule 3:22-5 precludes a petitioner from asserting any claim for relief that was previously adjudicated on the merits, "whether made in the proceedings resulting in the conviction or in any post-conviction proceeding brought pursuant to this rule . . . or in any appeal taken from such proceedings." Defendant's direct appeal contended his sentence was excessive in light of the applicable mitigating factors, an argument we rejected on direct appeal. Simmons, slip op. His PCR petition recasts those contentions as a claim of ineffective assistance of counsel, which was not adjudicated in his direct appeal. Therefore, we conclude defendant's petition was not procedurally barred.

Turning to the merits of defendant's petition, he alleged defense counsel was deficient in the manner he advocated for mitigating factor four and by failing to argue for mitigating factors eight, nine, and eleven. A court's finding of mitigating factors is discretionary, see State v. Bieniek, 200 N.J. 601, 609 (2010), and its decision not to apply all those raised by the parties at sentencing cannot be attributed to defense counsel as constitutionally deficient performance. A sentencing court "is required to consider all of the aggravating and mitigating factors and to find those supported by the evidence," regardless

A-3868-23

of whether counsel advocates for them. State v. Dalziel, 182 N.J. 494, 505 (2005).

As the judge noted, he determined which mitigating factors were supported in the record at sentencing. He "consider[ed defendant's] trauma, youth, and family circumstances in fashioning [defendant's] sentence." The judge's rejection of mitigating factors four, eight, nine, and eleven were grounded in his assessment of the facts of the offense and the circumstances of this case, notwithstanding the advocacy of counsel.

We are also unpersuaded defendant established the second prong of Strickland, because he could not demonstrate the outcome of his sentencing would have been different had defense counsel argued differently or for additional mitigating factors. The sentencing judge imposed a sentence in accordance with the negotiated plea agreement, which "should be given great respect, since a 'presumption of reasonableness . . . attaches to criminal sentences imposed on plea bargain defendants.'" State v. S.C., 289 N.J. Super. 61, 71 (App. Div. 1996) (alteration in original) (quoting State v. Sainz, 107 N.J. 283, 294 (1987)). Defendant's petition did not demonstrate he would have received a lesser sentence had counsel advocated as defendant contends.

A-3868-23

Turning to defendant's claim of ineffective assistance based on counsel's failure to argue for disparate sentencing, the PCR judge noted the sentence imposed was in accordance with the plea agreement. The difference in the plea and sentence reflected "the role each defendant played in [Thomas]'s death. During his plea, [defendant] took ultimate responsibility for [Thomas]'s death, absolving [Myers]." And because Myers pleaded guilty after defendant had already been sentenced, defense counsel could not have argued for parity at defendant's sentencing. Therefore, defendant's petition failed on this point.

Finally, because defendant did not establish a prima facie case for relief, material issues of disputed fact, or that an evidentiary hearing was necessary, the denial of his request for a hearing was not an abuse of discretion. R. 3:22-10(b); see Preciose, 129 N.J. at 462-63.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

m.C. Harley

Clerk of the Appellate Division

A-3868-23